**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Nashville Division**

**ELIZABETH HODGE and
others similarly situated,**

    **Plaintiffs,**

**v.**

**ALLPRO STAFFNET
LIMITED-LIABILITY COMPANY,**

    **Defendant.**

**No.: _____**

**JURY DEMAND
FLSA COLLECTIVE**

## COMPLAINT

PLAINTIFF, Elizabeth Hodge, brings this action against the Defendant on behalf of herself and others similarly situated.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiff, who is a resident of Davidson County, Tennessee and the Defendant, who does business in the State of Tennessee.

3. Venue also lies in this Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Allpro Staffnet Limited-Liability Company (hereinafter

"Defendant"). During her employment with Defendant, Plaintiff was a covered employee under the FLSA.

5. The Defendant is a business engaged in commercial enterprise. It is a covered employer under the FLSA.

6. In addition to the named Plaintiff, Defendant employs and has employed within the last three years additional similarly situated employees.

## II. INTRODUCTION

7. Plaintiff brings this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendant who were denied proper overtime compensation. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III. FACTUAL BASIS FOR SUIT

8. Plaintiff is a licensed practical nurse (LPN).

9. Plaintiff worked for Defendant, a staffing agency that does business as Allpro Healthcare solutions, from approximately July 2016 until January 2017.

10. Defendant placed Plaintiff at various healthcare facilities in Middle Tennessee.

11. Plaintiff was paid by the hour while working for Defendant.

12. While working for Defendant, Plaintiff would perform the duties typical of an LPN. For example, Plaintiff tended to minor illnesses and injuries of clients of the facilities where she was assigned. She would take their vital signs, dispense medication, answer routine medical inquires and generally take care of routine healthcare needs.

13. To be paid, employees would fill out a time sheet, take a photograph of it with the employee's cell phone, and then text the photograph to a corporate representative.

14. To pay employees, Defendant would add money to a pre-paid debit card that was provided to employees.

15. Employees would then receive a text message to inform them that their pay had been loaded onto the debit card.

16. Plaintiff and similarly situated employees regularly worked over 40 hours during many workweeks.

17. However, Defendant did not pay Plaintiff and similarly situated employees one and one-half their regular hourly rate for this overtime. Rather, they paid only "straight time."

18. On Tuesday October 25, 2016, Allpro sent a text message to its employees, stating: "Effective immediately no one is allowed to work over 40hrs a week. You can work 3 12hr shifts or 5 8hr shifts but that's it  if you work anything over that you will not be paid for it. – Management."

19. However, Defendant never took remedial action by paying employees for the overtime that they had worked and not been compensated.

20. Hourly employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40). 29 C.F.R. § 778.101.

21. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

22. Plaintiff and other similarly situated employees were regularly and repeatedly worked over

3

40 hours per week without being paid one and one-half their regular rate of pay for hours worked over 40, thereby allowing Defendant to avoid paying Plaintiff proper overtime compensation.

23. Defendant's intentional failure to pay Plaintiffs and other similarly situated employees overtime wages are willful violations of the FLSA.

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint. Plaintiff is a representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

### IV.  CAUSES OF ACTION

25. The forgoing facts are incorporated by reference as if fully stated herein, and a jury is hereby demanded.

26. Plaintiffs, on behalf of themselves and others similarly situated, bring the following cause of action against Defendant: Willful failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938.

## V.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

27. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former non-exempt employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three (3) years, but were not paid overtime by the FLSA.

28. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and similarly situated persons who opt into this action;

29. A declaratory judgment that Defendant's violations of the FLSA were willful.

30. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial.

31. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

32. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

33. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL MCWHERTER SCOTT BOBBITT PLC**

*s/ Michael L. Russell*
MICHAEL L. RUSSELL (#20268)
EMILY S. EMMONS (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFFS AND OTHER SIMILARLY SITUATED*